

**FILED**
**Jan 31, 2020**
**10:04 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **BERT BEELER,** | ) | |
| **Employee,** | ) | **Docket No. 2019-06-0764** |
| | ) | |
| **v.** | ) | |
| | ) | **State File No. 28479-2019** |
| **ERIC CORUM,** | ) | |
| **d/b/a GABLE TO STABLE** | ) | |
| **CONSTRUCTION,** | ) | **Judge Joshua D. Baker** |
| **Employer.** | ) | |

---

# EXPEDITED HEARING ORDER

---

Although a court can resolve legal claims, some answers remain elusive: like how a twenty-five year working relationship can crumple into a small wad of nine, $1-bills and two intervertebral disks that are "plumb gone." The Court heard evidence on these issues during a January 21, 2020 expedited hearing in which Mr. Beeler requested temporary disability and medical benefits. For the reasons discussed below, the Court grants his request for medical benefits but denies his temporary disability benefits' request.

## Claim History

Mr. Beeler is resident of Franklin, Tennessee who worked as a foreman for Eric Corum, the owner of Gable to Stable Construction. On March 27, 2019, he injured his back picking up a board during a home-construction project. Mr. Corum told Mr. Beeler he would pay for treatment if Mr. Beeler would not file a workers' compensation claim. The two had worked together "off and on" for twenty-five years.

At first, Mr. Beeler thought he had just tweaked his back, but the next day, the pain was so intense that he could barely get down from scaffolding. He went to a doctor and received limited care. The doctor told him that two disks in his back were "plumb gone" and that he needed an MRI and treatment with an orthopedic surgeon, Dr. John

William Klekamp. Mr. Beeler did not have the MRI because he could not afford to pay the $509 fee. He provided medical bills totaling $397.49 for the treatment and a prescription he received.

Several weeks after the injury, Mr. Corum visited Mr. Beeler, urged him not to file a workers' compensation claim, and handed him cash. Mr. Beeler shoved the cash into his pocket. Only later did he realize the wad was only "nine $1- bills." Mr. Beeler said, "It was like he just smacked me in the mouth."

Realizing that Mr. Corum had no intention of paying for his medical care, Mr. Beeler filed a petition for benefit determination on April 16. When he tried to hand Mr. Corum a copy of his petition, Mr. Corum refused it and walked away. So, Mr. Beeler left a copy in Mr. Corum's vehicle.

Mr. Corum appeared for one hearing, and the Court granted him opportunity to obtain counsel. However, he did not cooperate in resetting the hearing, nor did he attend the second hearing. Similarly, he did not respond to the mediator, participate in mediation, or identify disputed issues for adjudication.

Mr. Beeler's petition prompted a Bureau compliance specialist to investigate whether Mr. Corum or Gable to Stable had workers' compensation insurance covering Mr. Beeler's injury date. The specialist reported that Mr. Corum ignored all her contact and that searches for a workers' compensation policy for the business "yielded no results."

In the investigative report, the specialist reported that Nicky Korrell, who also worked for Gable to Stable, claimed she and Mr. Beeler were subcontractors rather than employees of the business and that "the business only uses sub-contractors."

Concerning his work for Gable to Stable, Mr. Beeler testified Mr. Corum paid him every Friday by check at the rate of $25 per hour to work where and when needed as a construction foreman. One time, Mr. Beeler directed four other workers whom Mr. Corum had hired to build a deck. Another time, he lived in a tent on Mr. Corum's property to build Mr. Corum's "personal house" as quickly as he could, working whenever he had daylight. He described the working relationship as on and off. For instance, sometimes he quit when Mr. Corum would not hire enough help or provide necessary tools. When Mr. Corum did not have enough work throughout the year, Mr. Beeler worked odd jobs. Otherwise, he worked solely for Gable to Stable.

### Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Mr. Beeler must provide sufficient evidence to show that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1)

2

(2019). The Court holds Mr. Beeler is likely to prove at a final hearing that Mr. Corum/Gable to Stable meets the statutory definition of an employer, that Mr. Beeler was an employee of Mr. Corum, and that he suffered a work injury. Further, the Court holds he is eligible to request benefits from the Uninsured Employers Fund.

*Employment Relationship*

The Court must first determine whether an employment relationship existed which would require Mr. Corum to carry workers' compensation insurance. In Workers' Compensation Law, an employer is defined as "any individual . . . using the services of not less than five (5) persons for pay[.]" Tenn. Code Ann. § 50-6-102(13). Yet construction services providers are required to carry workers' compensation insurance "whether or not the provider employs fewer than five (5) employees." Tenn. Code Ann. § 50-6-902(d).

Still, an independent contractor is not an employee, and courts must consider the following factors when determining whether an individual is an employee or an independent contractor:

(a) The right to control the conduct of the work;
(b) The right of termination;
(c) The method of payment;
(d) The freedom to select and hire helpers;
(e) The furnishing of tools and equipment;
(f) Self-scheduling of working hours; and
(g) The freedom to offer services to other entities[.]

Tenn. Code Ann. § 50-6-102(12)(D)(i).

Here, the Court finds that Mr. Corum/Gable to Stable was a construction services provider, and Mr. Beeler worked there as an employee. Mr. Beeler testified the business constructed homes "from the ground up." Further, it paid him to work as a carpenter and foreman – not as an independent contractor. Since Mr. Corum did not present any defenses or identify any disputed issues for the mediator, the only assertion that Mr. Beeler worked as an independent contractor came from Ms. Korrell in the specialist's report. However, in light of Mr. Beeler's testimony, the Court gives that assertion little weight. Mr. Beeler testified Mr. Corum told him when and where to work, paid him hourly rather than by the job, and hired and fired his help. Thus, the Court holds Mr. Beeler was Mr. Corum's employee.

3

*Medical and Temporary Disability Benefits*

Having determined that Workers' Compensation Law is applicable to Mr. Beeler's employment relationship with Mr. Corum, the Court next addresses whether he is likely to prove at a final hearing that he suffered a work injury that requires medical treatment.

Under Workers' Compensation Law, an employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). An "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14). Further, an injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment. *Id.*

Here, Mr. Beeler's unrefuted testimony was that he injured his back performing construction work for Gable to Stable Construction and that Mr. Corum did not provide reasonable, necessary medical care. His medical records support his contention that he injured himself at work and that Dr. Klekamp recommended an MRI to diagnose and treat his injury.

Thus, the Court finds Mr. Beeler is likely to prevail at trial in establishing that he sustained an accidental injury caused by a specific incident arising primarily out of and in the course and scope of his employment with Mr. Corum. The Court holds Mr. Corum/Gable to Stable must pay for treatment Mr. Beeler received for this injury. *See Ducros v. Metro Roofing and Metal Supply Co., Inc.*, TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017) ("[A]n employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own.").

Additionally, the Court appoints Dr. Klekamp as Mr. Beeler's authorized treating physician, as Mr. Corum failed to provide him with medical care, requiring him to seek treatment on his own. *See Young v. Young Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016).

Concerning temporary disability benefits, Mr. Beeler must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and his inability to work; and (3) his disability existed for a specific duration. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). As Mr. Beeler presented no expert medical proof identifying his disability from working, its duration, or the causal relationship between his work injury and inability to work, the Court declines to award temporary disability benefits at this time.

The Bureau has discretion to pay limited temporary disability and medical benefits from the UEF to an employee when:

(1) The employee was employed by an employer who failed to secure payment of compensation pursuant to this chapter; (2) The employee suffered an injury on or after July 1, 2015, primarily within the course and scope of employment, at a time when the employer had failed to secure the payment of compensation; (3) The employee was a Tennessee resident on the date of injury; (4) The employee provided notice to the bureau of the injury and of the failure of the employer to secure the payment of compensation within a reasonable period of time, but in no event more than sixty (60) days, after the date of the injury; and (5) Except as provided in § 50-6-802(d) and (e), the employee secured a judgment for workers' compensation benefits against the employer for the injury.

Tenn. Code Ann. § 50-6-801(d)(1)-(4).

As decided here, Mr. Corum/Gable to Stable employed Mr. Beeler and was required to carry workers' compensation insurance. Based on the compliance specialist's report that she could not find a policy in effect, the Court finds the business failed to have workers' compensation coverage for Mr. Beeler's work injury, which occurred after July 1, 2015. The Court also finds Mr. Beeler was a Tennessee resident when injured, as he testified he has lived at his Tennessee address for the last three years. Finally, the Court finds Mr. Beeler timely notified the Bureau of the business's failure to secure workers' compensation insurance when he filed his petition less than a month after his injury.

Therefore, the Court holds Mr. Beeler is eligible to receive benefits from the Uninsured Employers Fund, should the Fund decide to provide benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Eric Corum shall pay the $397.49 of medical bills Mr. Beeler accrued for treatment of his work-related injury.

2. Dr. Klekamp shall serve as the authorized treating physician. Mr. Beeler or the medical providers shall furnish reasonable, necessary and related bills to Mr. Corum/Gable to Stable for prompt payment.

3. Mr. Beeler's request for temporary disability benefits is denied at this time.

4. Mr. Beeler is eligible to receive benefits from the Uninsured Employers Fund.

5. This matter is set for a status conference on Monday, April 20, 2020, at 9:00 a.m. Central Time. The parties must call 615-741-2113 or 855-874-0474 toll-free to participate in the conference. Failure to appear by telephone may result in determination of the issues without your participation.

6. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). Mr. Corum must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED JANUARY 31, 2020.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

6

Exhibits:

1. Medical Records
2. Affidavit of Mr. Beeler
3. Bills
4. Expedited Request for Investigation Report

Technical Record:

1. Petition for Benefit Determination
2. Request for Expedited Hearing
3. Dispute Certification Notice

# CERTIFICATE OF SERVICE

I certify that a correct copy of this Order was sent as indicated on January 31, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Bert Beeler, Self-represented Employee | X | | X | caseygmeb4u@gmail.com 3442 Sweeney Hollow Rd. Franklin, TN 37064 |
| Eric Corum, Self-represented Employer | X | | X | eric@gabletostable.com P.O. Box 680604 Franklin, TN 37064 |
| LaShawn Pender | | | X | lashawn.pender@tn.gov |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*